## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KYLE-JOSEPH:KUBS,

                Plaintiff,

    v.

STATE OF NEW JERSEY, et al.,

                Defendants.

Civil Action No. 24-cv-7153 (JXN)(MAH)

**OPINION**

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff Kyle-Joseph:Kubs's ("Plaintiff") emergency motion to hear his notice of removal. (ECF No. 18). Plaintiff seeks to remove his state court criminal case to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF Nos. 18, 1). Defendants County of Morris and Morris County Sherriff's Department filed a motion to dismiss Plaintiff's Complaint (ECF No. 15), pursuant to Federal Rule of Civil Procedure 12(b)(6); and Defendants the Honorable Claudia Jones, J.S.C., the Honorable Frank DeAngelis, P.J.Ch., and Court Clerk Steven Stern also filed a motion to dismiss Plaintiff's Complaint (ECF No. 15), pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (ECF Nos. 40, 45). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court **DENIES** Plaintiff's emergency motion to hear his notice of removal (ECF No. 18) and **REMANDS** this case to state court. Defendants' motions to dismiss (ECF Nos. 40, 45) are **MOOT**.

### I.    BACKGROUND

Plaintiff is the defendant in a criminal case in the State of New Jersey, Law Division, Criminal Part, Morris County. (ECF No. 9-1). Plaintiff is charged by way of Complaint-Warrant

with one count of second-degree unlawful possession of an assault firearm, N.J.S.A. § 2C:39-5(f), and ten counts of fourth-degree possession of a prohibited weapon or device, specifically large capacity ammunition magazines, N.J.S.A. § 2C:39-3(j).  (*Id.*)  On March 14, 2024, the Honorable Claudia R. Jones, J.S.C., a judge in State of New Jersey, Law Division, Criminal Part, Morris County, ordered Plaintiff's detainment pending the disposition of these charges.  (ECF No. 27-1).

On June 11, 2024, Plaintiff filed a notice of removal, pursuant to 28 U.S.C. §§ 1441 and 1446.  (ECF No. 1).  On July 1, 2024, the case was administratively terminated for Plaintiff's failure to pay the court fee or file a waiver thereof, but subsequently reopened after Plaintiff's wife paid the filing fee.  (ECF Nos. 5, 8).  On July 3, 2024, and July 29, 2024, Plaintiff filed Amended Notices of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446.  (ECF Nos. 9, 13).

Thereafter, on September 26, 2024, Plaintiff filed a Complaint against (i) the County of Morris; (ii) the Morris County Sheriff's Office; (iii) Jefferson Township; (iv) the Morris County Superior Court; (v) New Jersey State Police Officer P M Ruiz; (vi) other New Jersey State Police Officers "to be named as identification allows"; (vii) the Honorable Peter Fico, J.M.C. of the Jefferson Township Municipal Court; (viii) Jefferson Township police officers "to be named as relief from incarceration allows"; (ix) Morris County Prosecutor's Office; (x) individual Morris County prosecutors Daniel Malik, Thomas Schmid, Kyle Herda, Robert Caroll, and Margaret Calderwood; (xi) the Honorable Claudia Jones, J.S.C.; (xii) the Honorable Frank DeAngelis, P.J.Ch.; (xiii) Court Clerk Steven Stern; (xiv) Sheriff James Gannon; (xv) Detective Anthony Brunone; (xvi) Detective Robert Forte; (xvii) M&T Bank Corp. and assignees; and (xviii) Sussex County Prosecutor's Office.  (ECF No. 15) ("September 26, 2024 Complaint").  In the Complaint, Plaintiff raises nineteen different "offen[s]es/crimes."  (*Id.*)

On November 22, 2024, Plaintiff filed an emergency motion to hear notice of removal. (ECF No. 18).  Thereafter, Plaintiff filed a myriad of documents pertaining to the state criminal action.  (*See generally* ECF Nos. 19-29).  No Defendants filed a response to the removal motion. Plaintiff then filed a "Request for Marshal Service" stating that this was a criminal action.  (ECF No. 33).

On February 12, 2025, Plaintiff subsequently filed another Complaint, which only named Morris County Prosecutor's Office, Kyle Herda, Daniel Malik, Thomas Schmid, and Robert Carroll as defendants.  (ECF No. 39).

On February 18, 2025, Defendants County of Morris and Morris County Sherriff's Department filed a motion to dismiss the September 26, 2024 Complaint.  (ECF No. 40). Thereafter, the Honorable Claudia Jones, J.S.C., the Honorable Frank DeAngelis, P.J.Ch., and Court Clerk Steven Stern also filed a motion to dismiss the September 26, 2024 Complaint.  (ECF No. 45).  Plaintiff did not respond to these motions.

These matters are now ripe for consideration.

## II.  <u>LEGAL STANDARD</u>

When a defendant removes a case to federal court, the district court must remand the case back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  Removal statutes are to be "strictly construed against removal and all doubts should be resolved in favor of remand."  *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (internal quotation marks omitted).  The party asserting that federal jurisdiction exists in a removal case "bears the burden of showing, at all stages of litigation, that the case is properly before the federal court," and thus "bears a heavy burden of persuasion."  *See New Jersey v. Lewis El*, No. 23-2326, 2023 WL 6843319, at *2 (D.N.J. Oct. 17,

2023) (internal quotation marks omitted); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

Criminal prosecutions may be removed from the state court to federal courts under very limited circumstances, especially when the criminal defendant is not acting as an officer of the United States. *See Jackson-Bey v. N.J.*, No. 20-15427, 2021 858610, at *1 (D.N.J. Mar. 8, 2021) (3d Cir. 2016); 28 U.S.C. §§ 1442, 1443, 1455 (discussing that 28 U.S.C. § 1442(a) requires the removing party to be a member of the armed forces of the United States, and 28 U.S.C. § 1443(2) is similarly restricted to federal officers "and those acting under them"). Because "the regulation of crime is pre-eminently a matter for the States," there is a "strong judicial policy against federal interference with state proceedings." *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975)).

## III.  **DISCUSSION**[1]

Plaintiff argues his state criminal matter should be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF No. 1).[2]  However, the plain language of 28 U.S.C. §§ 1441 and 1446 limits its application to civil, not criminal, actions.  28 U.S.C. § 1441(a) provides "any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  (Emphasis added).  Likewise, 28 U.S.C. § 1446 instructs any defendant

> desiring to remove any civil action from a State court shall file in the district court
> of the United States for the district and division within which such action is pending

---

[1] For sake of clarity, when citing the parties' briefs and supporting documents, the Court cites to the page number listed in the ECF header.  If there is no page number listed in the ECF header, the Court cites to the page number listed in the respective document.

[2] In his "Affidavit in support of removal," Plaintiff expressed he was "seeking removal for all reasons previously stated in the Notice of Removal filed several months ago on 6/11/24."  (ECF No. 18-2 at 1).  Upon review of the record, Plaintiff filed a handwritten document titled "Notice of Removal" on June 11, 2024, which stated he was removing his case pursuant to 28 U.S.C. §§ 1441 and 1446.  (ECF No. 1).

a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Rather, Sections 1442, 1442a, and 1443 provide "limited circumstances in which a criminal state court prosecution can be removed to federal court." *Pennsylvania v. Smith*, No. 24-1499, 2024 WL 3594362, at *1 (3d Cir. July 31, 2024). Immediately, Sections 1442, 1442a, and 1443(2) can be ruled out as Plaintiff is not alleged to be a federal or state officer, public employee, or a member of the armed forces. *See id.*

Therefore, only the "narrow" removal under 28 U.S.C. § 1443(1) remains. *See id.* at 2. 28 U.S.C. § 1443(1) constrains removal by the substance of the underlying action, providing for removal of a state law criminal action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Generally, removal is unwarranted when the allegations simply state that the underlying charges were unconstitutional, or that there was no basis in fact for those charges, or that their arrest and prosecution "otherwise denied them their constitutional rights." *Jackson-Bey*, 2021 WL 858610, at *2 (quoting *In re Oke*, 436 F. App'x 138, 139 (3d Cir. 2011)). "The allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal[.]" *Id.* (quoting *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016)).

Rather, to satisfy the standard of removal pursuant to 28 U.S.C. § 1443(1), a removing party must show that (1) "he or she is being deprived of rights guaranteed by a federal law providing for equal civil rights" and (2) "that he or she is denied or cannot enforce that right in state court." *St. James Assocs. v. Larsen*, 67 F. App'x 684, 686 (3d Cir. 2003).

Under the first element, the party seeking removal "must allege a deprivation of rights guaranteed by a federal law 'providing for *specific civil rights stated in terms of racial equality.*'" *Lewis El*, 2023 WL 6843319, at * 3 (quoting *Delaware v. Desmond*, 792 F. App'x 241, 242 (3d Cir. 2020)). Stated simply, "§ 1443 applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights." *Id.* (holding that 28 U.S.C. § 1443(1) only protects "'a limited category of rights,'" those that are "'specifically defined in terms of racial equality,'" and that "'broad contentions'" under other Constitutional amendments are insufficient if "'the guarantees of those clauses are phrased in terms of general application available to all persons or citizens[.]'" (quoting *Georgia v. Rachel*, 384 U.S. 780, 791-92 (1966))). Thus, a claim for removal under Section 1443 claiming First Amendment or due process violations under the Fourteenth Amendment cannot support a valid claim for removal under Section 1443. *Rachel*, 384 U.S. at 792.

Here, Plaintiff fails to articulate any deprivations of rights as required. Rather, Plaintiff cites to a myriad of "violation[s] of rights secured under the US Bill of Rights and others reserved to the People." (ECF No. 18-2 at 1). Upon review of Plaintiff's various filings, it appears Plaintiff only specifically identifies violations of his due process rights, and most of his claims are seemingly sounding in due process concerns.[3] (ECF No. 18 at 1 ¶ 2; ECF No. 18-1 at 8). "[I]t is not enough," however, "to show that that defendant's federal equal civil rights have been illegally or corruptly denied by state administrative officials in advance of trial, that the charges are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Peacock*, 384 U.S.

---

[3] To the extent Plaintiff invokes the Fifth Amendment, this does not meet this standard as the Fifth Amendment is a general constitutional right and not a "'[r]ight granted in terms of equality.'" *Rachel*, 384 U.S. at 791-92 (quoting *People of State of N.Y. v. Galamison*, 342 F.2d 255, 269 (2d Cir. 1965)); *see also Levine v. N.J.*, No. 06-1394, 2008 WL 11480534 at *2 (D.N.J. Apr. 24, 2008) (holding that "due process and the Fourth Amendment" guarantee rights of "general applicability").

at 827. As Plaintiff did not assert that any of his rights were denied on account of his race in any of the pleadings before the Court, he cannot satisfy the first element required for removal pursuant to 28 U.S.C. § 1443(1).

Even if Plaintiff were to aver the required racial aspect to satisfy the first requirement of the removal statute, he would remain unable to satisfy the second requirement: that he would be denied or cannot enforce his right(s) in state court. "'Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" *New Jersey v. Shokirjoniy*, No. 18-8619, 2020 WL 2832580, at *2 (D.N.J. May 29, 2020) (quoting *Peacock*, 384 U.S. at 827-28). The party requesting removal must meet a high standard to "identify [a] provision of [New Jersey] statutory or constitutional law that would preclude the protection of his equal rights guaranteed by the United States Constitution . . . [or] demonstrate that the [New Jersey] courts would not afford him the full protections of the law." *Brown-Bey*, 637 F. App'x at 688-89. It is the expectation that the protection of federal constitutional or statutory rights can be adequately realized in state proceedings. *Shokirjoniy*, 2020 WL 2832580, at *3. Thus, to demonstrate that one's rights would be denied requires a party to point to a "manifest" and "formal expression of state law" such as a constitutional provision or state statute, rather than a ruling that happened within the confines of a trial. *Id.* (internal quotation marks omitted). In "rare" circumstances, a party seeking removal could rely on a "firm prediction" that his rights would be denied in state court even absent a discriminatory state law where the federal right in question would be "inevitably denied by the very act of being brought to trial in state

court." *Id.* at *4 (cleaned up).  It is not enough to support removal even in situations where a party's

> federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.  The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights.  The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial.

*Peacock*, 384 U.S. at 827-28. The vindication of federal claims under the vast majority of circumstances should come from direct review by a federal court "if those claims [are] not vindicated by the trial or reviewing courts of the State[,]" rather than through the removal process. *Id.* at 828.

Here, Plaintiff does not allege any state law or state constitutional amendment that would expressly prohibit him from enforcing any of his federally protected rights in state court, nor has he demonstrated that he faces one of the exceedingly rare circumstances where the mere act of criminal prosecution would inevitably deny him his federal civil rights.  Rather, Plaintiff argues Defendants "have conspired to orchestrate [his] abduction by false arrest and false imprisonment." (ECF No. 18-1 at 7). [4]  Therefore, Plaintiff fails to satisfy the second element pursuant to 28 U.S.C. § 1443(1).

---

[4] In his motion, Plaintiff also moves for this Court to enter an order instructing Defendants to "cease and desist from their unlawful scheme of extortion and restore the [P]laintiff to their original state, including immediate and unconditional release from pretrial imprisonment, and the returning of all assets unlawfully seized from [Plaintiff." (ECF No. 18-1 at 3-4).  The Court notes that federal courts do not sit in review of state courts.  When a plaintiff believes that the state trial court has reached an "'erroneous conclusion,'" they are not completely deprived of a second action, however the matter can only be collected by direct review, (i.e., appealing to the state appellate court, which sits "above" the state trial court in review).  *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398-99 (1981) (quoting *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927)).  "A judgment merely voidable . . . based upon an erroneous view of the law is not open to [a] collateral attack" (i.e., bringing a case from state court to a federal district court, which is parallel or collateral to the state courts), "indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments[.]" *Id.* (internal quotation marks

Accordingly, Plaintiff has failed to satisfy both requirements for removal pursuant to 28 U.S.C. § 1443(1), and this matter must be remanded because this Court does not have jurisdiction to hear his claims.

### IV.    <u>CONCLUSSION</u>

For the reasons set forth above, the Court **DENIES** Plaintiff's emergency motion to hear his notice of removal (ECF No. 18) and **REMANDS** this case to state court. Defendants' motions to dismiss (ECF Nos. 40, 45) are **MOOT**. An appropriate Order accompanies this Opinion.

DATED: <u>6/3/2025</u>

HONORABLE JULIEN XAVIER NEALS
United States District Judge

---

omitted). Stated differently, if Plaintiff believes that the court in his New Jersey state case has made an error throughout the pendency of his case, this Court does not have the authority to intervene nor disturb any rulings of that court. If Plaintiff wishes to pursue any such claims of error, such claims must proceed through the state appellate process.